IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

**vs.**                                                     **CIV. NO. 00-988 MV**

**SCOTT F. MASON a/k/a**
**SCOTT FORREST MASON,**

      **Defendant.**

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on the United States' Motion for Summary Judgment **[Doc. 11].** The Court having considered the motion, response **[Doc. 12]**, relevant law, and being otherwise fully informed finds the United States' Motion well-taken and therefore the United States' motion will be **GRANTED IN PART.**

### BACKGROUND

Plaintiff brought this action under 28 U.S.C. § 1345, seeking judgment for recovery of defaulted student loans guaranteed by a state or private non-profit guarantee agency and re-insured by the United States Department of Education under Title IV.B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071 *et seq.*

*Pro se* Defendant, Scott F. Mason, applied for three Federally Insured Student Loans on September 18, 1985, January 19, 1996, and February 11, 1997. Defendant executed and delivered promissory notes in the amount of $3,500.00, $4,000.00, and $3,500.00 from the William D. Ford Federal Direct Loan Program, Albuquerque, New Mexico, with interest at the rate of 7.72% per annum until paid in full. The holder of the notes demanded payment according

to the terms of the notes and credited $00.00 to the outstanding principal owed on the loans.

On October 9, 1998, Defendant defaulted on the obligation and the holder filed a claim on the guarantee. Subsequently, the notes were assigned to the United States who is now the owner and holder of the notes. The United States now moves for summary judgment for $12,023.66 consisting of $10,533.93 principal, $1,489.73 accrued interest at the rate of 7.72% per annum as of June 16, 2000, plus interest accruing on the unpaid principal balance at the rate of 7.72% per annum from June 16, 2000, until date of judgment, together with interest at the legal rate from the date of judgment compounded annually until said judgment is paid in full. The United States also seeks attorneys' fees in the amount of $1,202.37, U.S. District Court Clerk Docket Fees of $150.00, plus costs of this action and such other and further relief as this Court may deem just and proper.

## STANDARD OF REVIEW

Summary judgment is an integral part of the Federal Rules of Civil Procedure, which are intended to "'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed.R.Civ.P. 1). Under Rule 56(c), summary judgment is appropriate when the court, viewing the record in the light most favorable to the non-moving party, determines that "there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." *Thrasher v. B&B Chemical Co.*, 2 F.3d 995, 996 (10th Cir. 1993).

The movant bears the initial burden of showing "there is an absence of evidence to support the nonmoving party's case." *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991). Once the movant meets this burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories,

and admissions on file,' designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### ANALYSIS

The United States has produced the three promissory notes signed by Defendant Mason and has established that Defendant Mason defaulted on those three loans. In response, Defendant asserts several material facts in opposition which can be boiled down to two main assertions: (1) the principal owed calculations are inaccurate so that the actual principal owed is $10,560.00 and not $10,533.93; (2) that the interest is 4.00% and not 7.72%. The Court finds that neither of these assertions present a genuine issue for trial which would preclude it from granting summary judgment. *See Celotex v. Catrett,* 477 U.S. at 323.

As to the Defendant's first point, the Court finds that indeed the Defendant's principal owed is $26.07 smaller than the total of the net disbursements made on the three loans. The Court cannot conclude that the $26.07 is a genuine issue for trial and is confident that the difference can be accounted for by the United States. Therefore, the United States shall explain to Defendant Mason why the principal owed on the three loans is $26.07 smaller than the total of the net disbursements, and if it cannot, then Defendant is $26.07 richer. As to the Defendant's second point, the promissory notes he signed state that the interest rate would be calculated at 4.00%. The Court finds that the notes also state that the rate is variable and that nothing has been presented to suggest that the interest rate is not currently 7.72% as stated on Defendant's Certificate of Indebtedness.

The United States' requests for attorneys' fees and court costs are not supported by the record and therefore will not be granted at this time. The United States may request attorneys' fees and costs in accordance with the law.

## CONCLUSION

Finding no genuine issue of material fact, the United States shall be granted Judgment in the amount of $12,023.66 consisting of $10,533.93 principal, $1,489.73 accrued interest at the rate of 7.72% per annum as of June 16, 2000, plus interest accruing on the unpaid principal balance at the rate of 7.72% per annum from June 16, 2000, until date of judgment, together with interest at the legal rate from the date of judgment compounded annually until said judgment is paid in full. The United States' request for attorneys' fees and costs shall not be granted at this time.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE